## NACHKO v STATE ex KOSHUTE

Ohio Appeals, 7th Dist, Mahoning Co
Decided October 4, 1929

Mr. John Willo, Youngstown, for Nachko.
Mr. Ford Agey, Youngstown, for State ex Koshute.

ROBERTS, J.

Anna Koshute was a widow, twenty-five years of age. Her husband had died, leaving two sons as the result of that marriage, seven and four years of age respectively. She had lived with her husband in West Virginia and after his death came and resided with her parents here, doing household work, and among boarders or roomers at the house was the plaintiff in error. She testifies that from April 8th until the 17th of June, 1927, she submitted to his importunities for sexual relations four times under promise of marriage, as she claims. At the latter date the plaintiff in error left the boarding place of the parents of Anna and his whereabouts were unknown to her until about September, and on the 18th of that month, having located him in Youngstown, she came to see him and insisted that he should carry out his promise to marry her. He at different times agreed to do so but continually postponed the fulfillment of his promise, finally refusing to do so after the child was born, claiming that the child was born too soon to be his offspring. He admits that he had sexual intercourse with the complainant on the 5th, 11th and 17th of June. The dates alleged by her are somewhat earlier. The only proposition which is observable in this case is that the plaintiff in error contends that he could not have been the father of the child, taking into consideration the date of the birth.

Sarah Sims testifies in the case. She is a graduate nurse of many years experience and is matron and Manager of the Florence Crittenden Home, where this child was born. She says that the ordinary period of gestation is 280 days, which, figured from the 4th of April, the date of the last menstrual period of the complainant, as testified by her, would result in a period of 284 days intervening previous to the birth, only about four days more than the regularly recognized period of 280 days. However, Miss Sims testifies that this period is not at all absolutely certain but may vary a week or two either way. So that there is nothing inconsistent in the testimony of plaintiff, so far as the birth of the child was concerned. We think the weight of the evidence sustains the verdict and find no grounds for reversal, and the judgment of the Court of Common Pleas is affirmed.

Pollock and Farr, JJ., concur.